IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Larry Percell Maybin,                          )        C/A No. 0:14-4853-TMC-PJG
                                               )
                        Plaintiff,             )
                                               )
v.                                             )
                                               )        **REPORT AND RECOMMENDATION**
Spartanburg County Sheriff's Dept.; Deputy     )
Robert Morrison; Deputy Derrick McBryer;       )
Cpl. Shannon Greene; Phillip Martin; Jason     )
Long; Brad James; Natalie Smith; Spartanburg   )
County Detention Center,                       )
                                               )
                        Defendants.            )
_____        )

The plaintiff, Larry Percell Maybin, a self-represented pretrial detainee,[1] filed this civil rights

action pursuant to 42 U.S.C. § 1983.  This matter is before the court pursuant to 28 U.S.C. § 636(b)

and Local Civil Rule 73.02(B)(2) (D.S.C.).  Plaintiff files this action *in forma pauperis* under 28

U.S.C. § 1915.  Having reviewed the Complaint in accordance with applicable law, the court

concludes that the case should be summarily dismissed without prejudice and without issuance and

service of process as to the following defendants:  (1) Spartanburg County Detention Center; and (2)

Spartanburg County Sheriff's Department[2]

## I.    Factual and Procedural Background

Plaintiff alleges an excessive use of force during his arrest by Defendants James and Smith

on July 4, 2013.  (ECF No. 1-4 at 3.)  Plaintiff further alleges the use of excessive force by

---

[1] Since filing this case, Plaintiff has been transferred to the Reception and Evaluation Center
at Kirkland Correctional Institution.  (ECF No. 22.)

[2] A separately docketed order authorizes the issuance and service of process on the remaining
defendants.



Defendants Morrison, McBryer, Greene, Martin, and Long after being transported to the Spartanburg County Detention Center on that same date. (Id.) Plaintiff seeks monetary damages for the defendants' actions. (Id. at 5.)

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).



This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere



conferred.' " <u>Albright v. Oliver</u>, 510 U.S. 266, 271 (1994) (quoting <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3 (1979)).  A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  <u>City of Monterey v. Del Monte Dunes at Monterey, Ltd.</u>, 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

As indicated above, it is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person."  <u>See</u> 42 U.S.C. § 1983; <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690 n.55 (1978).  However, courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law.  <u>See</u> <u>Nelson v. Lexington Cnty. Det. Ctr.</u>, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"); <u>see</u> <u>also</u> <u>Brooks v. Pembroke City Jail</u>, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").  As the Spartanburg County Detention Center is a building which houses detainees and other inmates awaiting state court proceedings, it does not constitute a "person" amenable to suit under § 1983.  Therefore, this defendant it is entitled to summary dismissal from this case.

Further, in South Carolina, a sheriff's department is an agency of the State, not a department under the control of the county, <u>Gulledge v. Smart</u>, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (discussing the sheriff as agent and alter ego of State), <u>aff'd</u>, 878 F.2d 379 (4th Cir. 1989); <u>Carroll</u>



v. Greenville Cnty. Sheriff's Dep't, 871 F. Supp. 844, 846 (D.S.C. 1994) (holding that a suit against the sheriff's office is suit against the State), and it has long been recognized that arms of the State are not "persons" for purposes of § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 70-71 (1989). Moreover, the Spartanburg County Sheriff's Department is protected from suit under § 1983 by the Eleventh Amendment, which bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case.[3] Accordingly, the Spartanburg County Sheriff's Department is also entitled to summary dismissal from this action.

III.    **Conclusion**

For the foregoing reasons, it is recommended that Defendants Spartanburg County Detention Center and Spartanburg County Sheriff's Department be dismissed from this case without prejudice and without issuance and service of process.

_Paige J. Gossett_
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 2, 2015
Columbia, South Carolina

*The parties are directed to note the important information in the attached*
*"Notice of Right to File Objections to Report and Recommendation."*

---

[3] Congress has not abrogated the states' sovereign immunity under § 1983, see Quern v. Jordan, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).